UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK E. SMITH, | ) | CASE NO.: 3:07CV1121 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| ERNIE MOORE, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Mark E. Smith and Respondent Ernie Moore ("the Warden"). Upon due consideration, the Court overrules Petitioner's objections and sustains the Warden's objections. The Court therefore adopts the Report in part and rejects the Report in part. Accordingly, the petition is hereby DENIED.

**I.    Facts**

On April 11, 2005, the Marion Community Credit Union was robbed and several employees were held at gunpoint. Petitioner was indicted for the crimes that occurred that day. Following a jury trial, Petitioner was convicted of one count of aggravated robbery and three counts of kidnapping, while being acquitted on four firearm specifications. On June 9, 2008, Petitioner was sentenced to nine years on his robbery conviction and four years on each count of kidnapping. The kidnapping sentences were run concurrently with one another, but consecutive

to the robbery sentence for a total sentence of thirteen years.

After exhausting his state court remedies, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on April 17, 2007. In his filing, Petitioner raised the following grounds for relief:

1) Petitioner was deprived of due process of law by a conviction not supported by sufficient evidence.

2) Petitioner was deprived of the right to effective counsel on appeal, under the 6th and 14th amendments.

3) Petitioner was denied due process and the right to jury trial by the imposition of a sentence enhanced by judicial fact finding of elements not charged.

Doc. 1 at 5-8. In his decision, the Magistrate Judge concluded that Petitioner's first two grounds lacked merit. However, the Magistrate Judge concluded that Petitioner's third ground necessitated granting the writ and ordered the State to resentence Petitioner within ninety days.

Petitioner and the Warden timely filed objections to the Report. The Warden contends that the Magistrate Judge erred when he found that the error in ground three was not harmless. Petitioner argues that the Magistrate Judge erred in finding that his first ground lacked merit. Petitioner also asserts that the Court should grant the writ unconditionally because the Magistrate Judge erred in calculating the maximum sentence he could serve without a violation of his Constitutional rights. The Court now reviews the parties' objections.

**II.     Law and Analysis**

   **A.  Warden's Objection**

In his sole objection, the Warden contends that the Magistrate Judge should have concluded that any error in imposing sentence on Petitioner was harmless. This Court agrees.

In his third ground for relief, Petitioner asserted that his sentenced violated *Blakely* and its progeny. In the Report, the Magistrate Judge concluded that this issue had been properly preserved and that error had occurred. The Warden, however, argued that any such error in

sentencing was harmless beyond a reasonable doubt. In rejecting this argument, the Magistrate Judge relied upon *Cvijetinovic v. Eberlin*, Case No. 1:04CV2555, 2008 WL 918576 (N.D.Ohio Mar. 31, 2008). In reaching this conclusion, the Magistrate Judge also noted that its ruling was in conflict with *Shafer v. Wilson*, Case No. 1:06CV648, 2007 WL 315760 (N.D.Ohio Jan. 30, 2007). Upon review, the Court is persuaded that the position taken in *Shafer* is correct.

Even if there was a sentencing error, the Court will not issue the writ if it determines that the error was harmless. *See U.S. v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). "Under the harmless error test, a remand for an error at sentencing is required unless [this Court is] certain that any such error was harmless - i.e. any such error 'did not affect the district court's selection of the sentence imposed.'" *Id.* (quoting *Williams v. U.S.*, 503 U.S. 193, 203 (1992)).

Prior to the Ohio Supreme Court's ruling in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), Ohio law required that the trial court make certain findings before imposing a sentence beyond the presumptive minimum. The court was also required to make findings prior to imposing consecutive sentences. The *Foster* Court found that these required findings violated the Sixth Amendment. Accordingly, that Court severed the offending portions of the statutes and gave Ohio trial court judges full discretion to impose any sentence within the statutory range without making any findings of fact. "[T]he new structure actually works to [the defendant's] detriment, as trial courts are now no longer required to make any findings or give any reasons when imposing … sentences." *Minor v. Wilson*, 213 Fed. Appx. 450, 453 n.1 (6th Cir. 2007).

While this district has issued conflicting decisions on the issue of harmless error under this scenario, the Court is persuaded that any such error was harmless. As noted above, prior to *Foster*, the Ohio Court was required to make findings prior to *increasing* a defendant's sentence beyond the presumptive minimum. As a result, the findings, while violating the Sixth

Amendment, actually served to protect a defendant from a harsher sentence. Accordingly, the Court can say with certainty that the error complained of "did not affect the [] court's selection of the sentence imposed." If anything at all, the prior unconstitutional sentencing structure benefited Petitioner and prohibited the trial court from imposing an even higher sentence.

> Indeed, *Foster* represents a Pyrrhic victory for … defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statutes that required judicial findings for the imposition of higher than minimum sanctions, [the Ohio Supreme Court] did not adopt their proposed remedy of mandatory minimum sentences. Since *Foster*, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion.

*State v. Payne*, 873 N.E.2d 306, 311 (Ohio 2007).

In apparent response to this argument, Petitioner asserts that the Court may not rely upon the *Foster* remedy in any manner because applying such a remedy violates the *ex post facto* provisions of the Constitution. This Court has previously rejected such an argument. *See Watkins v. Williams*, Case No. 3:07CV1296, 2008 WL 2484188 (N.D.Ohio June 17, 2008) (finding that the *Foster* remedy does not violate the due process or *ex post facto* provisions of the U.S. Constitution). As a result, the Court sustains the Warden's objections, finding that any error in sentencing Petitioner was harmless beyond a reasonable doubt.

### B. Petitioner's objection to the sufficiency of the evidence.

Under Fed.R. Civ.P. 72(b)(3) and 28 U.S.C. § 636, this Court is required to review de novo the portion of the Magistrate Judge's Report to which a specific objection was made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In addition, filing a general objection is akin to filing no objection at all. *Howard v. Sec'y of Health and Human Srvs.*, 932 F.2d 505, 508-09 (6th Cir. 1999).

In his objections, Petitioner asserts that the evidence against him was circumstantial and

his conviction required the impermissible stacking of inferences. Petitioner, however, has not referenced any of the evidence presented in his case. The Court, therefore, finds that Petitioner's general objection is akin to no objection at all.

Moreover, as the Magistrate Judge properly concluded, the facts as set forth in the Ohio Court of Appeals decision amply support Petitioner's convictions. Petitioner has presented no evidence to demonstrate that these factual findings were incorrect. Consequently, Petitioner's first objection is overruled.

### C. Petitioner's remaining objections

In his second and third objections, Petitioner challenges the Magistrate Judge's analysis of his *Blakely* issue and argues that the writ should be granted unconditionally. However, as noted above, this Court has found the *Blakely* error to harmless. Accordingly, Petitioner's arguments that the writ should be unconditional are now moot. Petitioner's second and third objections are overruled.

## III. Conclusion

Petitioner's objections are overruled. The Warden's objection is sustained. The Report is adopted in part and modified in part. The petition is hereby DENIED.

In his objections, Petitioner has also sought a blanket certificate of appealability. Congress has determined that a prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To file an appeal, a petitioner must obtain a COA. *Id.* A petitioner seeking a COA must show a "substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)). A district court grants a COA when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id*. As noted above, this District has previously issued conflicting decisions on the harmless error issue presented herein. Accordingly, the Court grants Petitioner a certificate of appealability on Ground Three in his petition. There exist no grounds to issue a COA on the remaining grounds in the petition and the Court declines to issue one for those grounds. With respect to Grounds One and Two, the Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

      This Order is entered pursuant to Federal Rule of Civil Procedure 58.


      So ordered.

      August 19, 2008                                 */s/ John R. Adams*
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE